UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY HARRIS,

    Petitioner/Appellant

v.                                                          Case No. 17-cv-663-pp
                                                               Appeal No. 18-1754

JUDY SMITH, Warden,
Oshkosh Correctional Institution

    Respondent/Appellee.

**ORDER REQUIRING APPELLANT TO FILE HIS SIX-MONTH TRUST ACCOUNT STATEMENT BY A DATE CERTAIN**

On March 26, 2018, the court entered an ordered denying the appellant's request for *habeas* relief and dismissing the *habeas* petition. Dkt. No. 26. Two weeks later, on April 9, 2018, the appellant filed a notice of appeal of the court's March 26, 2018 decision. Dkt. No. 26. That same day, the appellant filed a motion for leave to appeal without prepayment of the filing fee. Dkt. No. 30. On April 16, 2018, the court of appeals referred the motion to this court, dkt. no. 38, because the district court handles these requests in the first instance, see Fed. R. App. P. 24(a)(1).

I.     **Standard for Allowing Appellant To Proceed Without Prepaying the Appellate Filing Fee**

There are three grounds for denying a prisoner appellant's request to proceed without prepaying the filing fee: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g).

A.  <u>Indigence</u>

If the district court granted a party leave to proceed without prepaying the filing fee, that party may proceed without prepaying the filing fee in the court of appeals without further authorization unless the district court certifies that the party did not take the appeal in good faith, or determines that the party is otherwise not entitled to proceed without prepaying the filing fee. Fed. R. App. P. 24(a). <u>See also</u>, <u>Delske v. Edwards</u>, 164 F.3d 396, 398 (7th Cir. 1999) (". . . . a plaintiff who . . . was allowed to proceed [without prepaying the filing fee] in the district court retains his [indigent] status in the court of appeals unless there is a certification of bad faith.")

This court did not grant the appellant leave to proceed without paying the filing fee when considering his *habeas* petition. He filed a motion asking the court to grant him that leave, dkt. no. 2, but before the court ruled on the motion, the appellant paid the filing fee. Given that, the court must consider for the first time on appeal whether the appellant is indigent.

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505 appellate filing fee in advance, he can ask to proceed without prepaying it. The appellant has asserted that he does not have the money to pay the filing fee. In the court of appeals, he filed an affidavit asserting that he has no income, no assets and no expenses. Dkt. No. 38 at 2-7. He indicated that he is unemployed, that he had lost nearly all his family members, and that he recently had a heart attack (and died) and that his health doesn't allow him to work. <u>Id.</u> at 7.

Before a court can grant a prisoner's request to proceed without prepaying the filing fee, however, the court must assess an initial filing fee of twenty percent (20%) of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1). The appellant has not filed his trust account statement for the six-month period prior to the date he filed the notice of appeal (in other words, his trust account statement for October 2017 through March 2018). Even though he has filed an affidavit indicating that he is indigent, the court cannot allow the appellant to proceed without prepaying the filing fee until he files the trust account statement. The court will give him a deadline for filing the trust account statement.

B.   Three Strikes

The appellant has not had three prior cases dismissed because they were frivolous or did not state a claim. He has not accrued three strikes.

C.   Appeal Taken in Good Faith

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962)). Put another way, a litigant takes an appeal in good faith if "a reasonable person could suppose that the appeal has some merit." Walker

v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)).

At the end of the court's order dismissing the appellant's *habeas* petition, it declined to issue a certificate of appealability. The court found:

> Here, the court declines to issue a certificate of appealability because the petitioner has not made a substantial showing that the grounds in his petition are timely; has not made a substantial showing that the court should equitable toll the statute of limitations; and has not made a substantial showing of his actual innocence. In a case challenging a thirty-nine-year-old conviction that has been considered multiple times by each level of the state courts, the court finds that reasonable jurists would not debate that the petition should have been resolved in a different manner.

Dkt. No. 26 at 46.

One might conclude under these circumstances that the appellant has not filed this appeal in good faith. But the good-faith standard for allowing a party to appeal without prepaying the filing fee is a lower standard that the standard that a *habeas* petitioner must meet to obtain a certificate of appealability. O'Brien, 626 F.3d at 631-32. "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. (citation omitted).

While it is a close call, the court cannot conclude that the appellant will not be able to point the appellate court to a single issue that a reasonable person would not suppose had some merit. The court will conclude, therefore, that the appellant filed this appeal in good faith.

4

## II. Next Steps

The court will require the appellant to file his trust account statement covering the period from October 1, 2017 through March 31, 2018 in time for the court to receive it by the end of the day on June 15, 2018. If the court does not receive the trust account statement by the end of the day on that date, the court will deny the appellant's request to appeal without prepaying the filing fee, and will require him to pay the $505 filing fee in full.

If the appellant files his trust account statement by the end of the day on June 15, 2018, the court will issue an order requiring him to pay the initial partial filing fee, and giving him a deadline for paying it. After the appellant pays the initial partial filing fee, he must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the appellant will collect the money and send payments to the court. No payment is required in months will be required where the preceding month's income is $10.00 or less. Id.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution.

## III. Conclusion

The court **ORDERS** that the appellant shall file his trust account statement for the six-month period from October 1, 2018 through March 31, 2018 in time for the court to receive it by the end of the day on **June 15, 2018**. If the court does not receive the trust account statement by that time, the court will deny the appellant's request to proceed without paying the filing fee, and

will order the appellant to pay the $505 appellate filing fee in full in order to proceed with his appeal.

Dated in Milwaukee, Wisconsin this 14th day of May, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**