UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY HARRIS,

    Petitioner/Appellant,

v.                                        Case No. 17-cv-663-pp
                                            Appeal No. 18-1754

JUDY SMITH, Warden,
Oshkosh Correctional Institution

    Respondent/Appellee.

**AMENDED ORDER GRANTING THE PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 38)**

**I.   Standard For Allowing Appellant To Proceed Without Prepaying the Appellate Filing Fee**

In determining whether a litigant is eligible to proceed on appeal without prepaying the filing fee, the court must first determine whether he is indigent, then determine whether he has taken the appeal in good faith for purposes of Fed. R. App. 24(a)(3).

    A.     Indigence

The Prison Litigation Reform Act does not apply to *habeas* cases. Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000) ("We therefore hold that if a case is properly filed as an action under 28 U.S.C. §§2241, 2254, or 2255, it is not a "civil action" to which the PLRA applies."). The court decides whether a petitioner is indigent by relying solely on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996); see also United States v. McNair, No.1:02-CR-12, 2008

WL 4776561, at *2 (N.D. Ind. Oct. 27, 2008) ("[U]nder Martin, there is no need for a prisoner to submit a prisoner trust account statement to proceed IFP in a habeas corpus or section 2255 appeal.").

The petitioner's affidavit indicates that he has no income, no bank accounts and no expenses of any kind. Dkt. No. 38 at 2-7. He indicated that he is unemployed, that he has lost nearly all of his family members, and that he recently had a heart attack (and died) and that his health doesn't allow him to work. Id. at 7. Based on this information, the court finds that the petitioner is indigent.

In a prior order dated May 14, 2018, the court erroneously applied the PLRA standard to the petitioner's case, and required the petitioner to file his certified trust account statement. See Dkt. No. 39. The petitioner complied with that order, and filed his trust account statement. Dkt. No. 40. The court then issued another erroneous order, dated June 8, 2018, requiring the petitioner to pay an initial partial filing fee of $20.71. Dkt. No. 41.

The court has vacated those two orders, see Text-Only Order of June 11, 2018, because the PLRA does not apply to properly filed *habeas* petitions. The court apologizes to the petitioner for this error, and advises him that he does not need to pay an initial partial filing fee.

    B.    <u>Appeal Taken in Good Faith</u>

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue

that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962)). Put another way, a litigant takes an appeal in good faith if "a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)).

At the end of the court's order dismissing the appellant's *habeas* petition, it declined to issue a certificate of appealability. The court found:

> Here, the court declines to issue a certificate of appealability because the petitioner has not made a substantial showing that the grounds in his petition are timely; has not made a substantial showing that the court should equitable toll the statute of limitations; and has not made a substantial showing of his actual innocence. In a case challenging a thirty-nine-year-old conviction that has been considered multiple times by each level of the state courts, the court finds that reasonable jurists would not debate that the petition should have been resolved in a different manner.

Dkt. No. 26 at 46.

One might conclude under these circumstances that the appellant has not filed this appeal in good faith. But the good-faith standard for allowing a party to appeal without prepaying the filing fee is a lower standard that the standard that a *habeas* petitioner must meet to obtain a certificate of appealability. O'Brien, 626 F.3d at 631-32. "[T]o determine that an appeal is in

3

good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. (citation omitted).

While it is a close call, the court cannot conclude that the appellant will not be able to point the appellate court to a single issue that a reasonable person would not suppose had some merit. The court will conclude, therefore, that the appellant filed this appeal in good faith.

## II. Conclusion

The court **GRANTS** the petitioner's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 38.

Dated in Milwaukee, Wisconsin this 12th day of June, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**